## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Kevin Backus, )
)  Case No.:2:17-3078
)
  Plaintiff, )
)  **ORDER AND OPINION**
v. )
)
Ridgeland Correctional Institution, )
)
  Defendant. )
_____ )

RECEIVED
USDC CLERK, CHARLESTON, SC
2018 MAY 30 AM 10: 47

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 9) recommending that this Court summarily dismiss the Complaint without prejudice. For the reasons set forth below, the Court adopts the R. & R. as the order of the Court.

### I.    Background and Relevant Facts

Plaintiff Kevin Backus is a state prisoner at Ridgeland Correctional Institution in South Carolina. He is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that he did not receive due process in connection with a prison disciplinary action taken against him. He asks the Court to reverse the disciplinary action, reinstate his good-time credits, and order the prison to place him back in the general population. Plaintiff does not seek monetary damages.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Magistrate Judge explained in the R. & R. that Plaintiff's Complaint is subject to summary dismissal because (1) the named Defendant, Ridgeland Correctional

Institution, is not a "person" for the purposes of a Section 1983 claim (Dkt. No. 9 at 4); (2) a challenge to the loss of good time credit is not a cognizable Section 1983 claim and must be brought instead as a habeas corpus action (*id.* at 4–5); and (3) Plaintiff has no constitutional right to be housed in a particular unit in the correctional facility (*id.* at 6–7).

## II.     Legal Standard

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.     Discussion

No party has filed objections to the R. & R., and the deadline to file objections has passed. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416

F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

## IV.     Conclusion

For the reasons set forth above, the Court adopts the R. & R. (Dkt. No. 9) as the order of the Court. The Complaint is dismissed without prejudice.


**AND IT IS SO ORDERED.**


Richard Mark Gergel
United States District Court Judge

May ____, 2018
Charleston, South Carolina